IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
LAMONTE WILLIAMS              :      CIVIL ACTION
                              :
                              :
          v.                  :
                              :
                              :
U.S. DEP'T OF JUSTICE, et al. :      NO. 07-5333
```

MEMORANDUM & ORDER

McLuaghlin, J.                                           June 19, 2008

      The plaintiff, Lamonte Williams, has sued the defendants, the Department of Justice and the Attorney General of the United States, under 42 U.S.C. § 1983.  He claims that the defendants have violated his constitutional rights by housing him with violent offenders while he was awaiting trial on bank robbery charges.  Williams was incarcerated at the Federal Detention Center ("FDC") in Philadelphia from February of 2006 through August of 2007, when he was convicted and transferred to FCI-Fairton.  The plaintiff claims that while he was at the FDC he had two different cellmates who were convicted of murder and drug offenses, and that this violates 18 U.S.C. § 3142(i)(2), which directs that, to the extent practicable, persons awaiting trial be housed separately from those serving sentences.  He seeks $2.5 million in damages and a grant of home confinement for the rest of his sentence.  Compl. ¶¶ V, VI; Defs.' Br. at 4.

The defendants have moved to dismiss the plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Rule 12(b)(6). In the alternative, the defendants move for summary judgment under Rule 56(c). The Court will consider the defendants' motion as one for summary judgment, taking into account the pleadings, disclosures, and affidavits in the record, which show that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The defendants argue that the Court lacks subject matter jurisdiction because the plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) ("PLRA"). The PLRA mandates that an inmate must properly exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court held in Jones v. Bock, 127 S. Ct. 910, 921 (2007), that failure to exhaust is an affirmative defense under the PLRA and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Exhaustion under the PLRA is not a jurisdictional requirement. Woodford, 548 U.S. at 101; Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000).

The Court has subject matter jurisdiction over the

plaintiff's claim.  The plaintiff has, however, failed to exhaust his administrative remedies.  Exhaustion is an affirmative defense which must be pleaded and proven by the defendants. Brown v. Croak, 312 F.3d 109, 100 (3d Cir. 2002).  Defendants can submit an "indisputably authentic copy" of a plaintiff's administrative remedies to the Court to establish that a plaintiff has failed to exhaust.  Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004) (citing Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003)).

      The defendants have submitted a copy of the plaintiff's administrative remedy record and a declaration from Darrin Howard, the BOP Attorney Advisor assigned to the Federal Detention Center in Philadelphia.  Defs.' Br. Ex. A, Howard Decl.; Ex. B, Inmate Data for Lamont Williams.  The Bureau of Prisons ("BOP") requires that an inmate take four steps to exhaust administrative remedies:  1) file an informal resolution attempt; 2) file a formal remedy request; 3) appeal to the regional director; and 4) appeal to the BOP's General Counsel. 28 C.F.R. § 542.13-15.  According to the plaintiff's administrative remedy record, he filed one administrative claim before commencing this action (he filed two more claims on January 23, 2008, and February 25, 2008, after filing his complaint on December 19, 2007).  All of these claims relate to the plaintiff's attempts to have his base custody score lowered,

not to the cellmate issues the plaintiff raised in his complaint before the Court.

The time for the plaintiff to object to his cellmates at the FDC has passed.  Under BOP regulations, prisoners have twenty days following the date of an event to file a remedy request related to that event.  This time limit may be extended if an inmate demonstrates a valid reason for the delay.  28 C.F.R. § 542.14(a),(b).  The plaintiff has yet to file any remedy request related to his time at the FDC, where he was incarcerated from February 22, 2006, through August 27, 2007.  He has not asked for an extension to the twenty-day time limit.

It is undisputed that the plaintiff has not exhausted his administrative remedies.  The plaintiff does not contest the Howard declaration or contend that the administrative remedy records from the BOP are inaccurate.  The plaintiff does not claim to have exhausted his administrative remedies.  The Eastern District of Pennsylvania provides a section 1983 complaint form for prisoners, which includes a section on administrative remedies.  The plaintiff used this form.  In the section on available administrative remedies, the plaintiff wrote "N/A," and when asked to explain why he did not follow each step of the administrative procedures available to him, he wrote "N/A." Compl. ¶ IVa, c.

The defendants raise other defenses, including

sovereign immunity, qualified immunity, and the Federal Tort Claims Act.  The Court need not address these issues, as the plaintiff's failure to exhaust bars his claims.  The disclosures in the complaint, the Howard declaration, and the plaintiff's administrative remedy record show that there is no dispute as to the fact that the plaintiff has not exhausted his administrative remedies, and the defendants are entitled to judgment as a matter of law.

An appropriate ORDER follows.

```
                    IN THE UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LAMONTE WILLIAMS              :       CIVIL ACTION
                              :
                              :
        v.                    :
                              :
                              :
U.S. DEP'T OF JUSTICE, et al. :       NO. 07-5333
```

ORDER

AND NOW, this 19th day of June, 2008, upon consideration of the defendants' motion to dismiss, or in the alternative, motion for summary judgment (Docket No. 8), IT IS HEREBY ORDERED that, for the reasons stated in the accompanying memorandum, the motion for summary judgment is GRANTED.  Judgment is hereby entered against the plaintiff and in favor of the defendant.

This case is CLOSED.

BY THE COURT:


/s/ Mary A. McLaughlin
Mary A. McLaughlin, J.